UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNY BEANE,

      Plaintiff,

    v.

HAROLD PIKE III,

      Defendant.

Case No. 10-cv-748-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Kenny Beane's motion for leave to

proceed *in forma pauperis* (Doc. 3) and for appointment of counsel (Doc. 3).

A federal court may permit an indigent party to proceed without pre-payment of fees.  28

U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma*

*pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a

claim.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  The test for determining if an action is frivolous or

without merit is whether the plaintiff can make a rational argument on the law or facts in support

of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241,

1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

1974 (2007).  When assessing a petition to proceed *in forma pauperis,* a district court should

inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it

should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir.

1982).

The Court is satisfied from Beane's affidavit that he is indigent.  However, it cannot

determine that his cause of action is not frivolous or malicious.  Beane tells the Court which of

his constitutional rights he thinks defendant Harold Pike III has violated, but he does not

describe the <u>facts</u> of what happened between him and Pike that caused those violations.  The

Court needs to know Beane's view of the <u>facts</u> of what happened between Beane and Pike before

it can decide whether to allow him to proceed without pre-payment of fees.  The Court

**ORDERS** that Beane shall have up to and including October 22, 2010, to file a supplement to

his complaint explaining the facts that gave rise to the violations alleged in the complaint.  The

Court **RESERVES RULING** on Beane's pending motions (Docs. 2 & 3) until after October 22,

2010.  If Beane is unable to tell the Court the facts on which his claims are based, the Court may

dismiss this action for failure to state a claim.

**IT IS SO ORDERED.**
**DATED:  September 30, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
